UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF NEW YORK

_____
                                                         )
JAMES DUCKETT                           )
                Plaintiff                   )
      v.                                   )
                                                  )  Civil Action No. 15-8645
HADLEY ENGELHARD, ESQ., ENTER  )
SPORTS MANAGEMENT, WES          )
BRIDGES, ESQ., BECKER LLC, and    )
BECKER MEISEL, LLC.,               )
                Defendants           )
_____

**COMPLAINT FOR BREACH OF CONTRACT**

       The Plaintiff James Duckett, by his attorney Theodore H. Friedman, as and for a Complaint alleges, upon information and belief:

<u>Statement of Jurisdiction</u>

       1.       The Plaintiff is a citizen of and domiciled in the State of Connecticut.

       2.       The Defendant Hadley Engelhard, Esq. ("Engelhard"), is a citizen of and domiciled in the State of Georgia, with offices and/or doing business in the States of Georgia, Florida and New York.

       3.       The Defendant Enter Sports Management ("ESM") is a business entity with offices in and/or doing business in the States of Georgia, Florida, and New York.

       4.       The Defendant Wes Bridges, Esq. ("Bridges") is a citizen of and domiciled in the State of New Jersey, with offices in and/or doing business in the States of New Jersey and New York.

5. The Defendant Becker LLC is a law firm and business entity with offices and/or doing business in the States of New Jersey and New York, and was, formerly and at the times of the transactions and events here alleged, named Becker Meisel LLC.

6. Jurisdiction exists based on diversity of citizenship of all the parties, and events in connection with the causes of action herein occurred within the County, City and State of New York and the Southern District of New York.

7. The amount in controversy, without interest and costs, exceeds $400,000 and the sum or value specified by 28 U.S.C. § 1332.

FOR A FIRST CAUSE OF ACTION

8. At all times herein mentioned, Defendant Engelhard was an officer, partner, owner, employee and/or representative of the sports management business entity of Defendant Enter Sports Management and was acting on its behalf and in its interest.

9. At all times hereinafter mentioned, Defendant Bridges was a partner, member, owner, employee and/or representative of the law firm Defendant Becker Meisel LLC, now named Becker LLC, and was acting on its behalf and in said law firm's interest.

10. Negotiations and meetings between the parties here involved, concerning the contracts and transactions here involved, occurred in the County, City and State of New York, within the jurisdiction of the United States District Court for the Southern District of New York.

11. As a direct result of the recruitment by the Plaintiff Duckett, the Defendants entered into a Contract with football player Mike Williams ("Williams").

12. On or about November 15, 2009, Defendants Engelhard, Bridges, and ESM entered into an NFL Players Association Standard Representation Agreement ("SRA Contract") with Williams, whereby said Defendants acted as the Contract Advisors to Williams with regard

to the procurement of an NFL Players Contract for Williams, and pursuant to which said "Contract Advisors" were and are to receive 3% of Williams' earnings as or related to his services as a professional football player.

13. Attached to the SRA Contract was an "SRA Disclosure Form for Recruiting Assistance Payment" ("SRA Disclosure Form"), dated November 15, 2009, pursuant to which the Defendants agreed to pay Plaintiff "33% of net proceeds of player contracts".

14. The aforesaid SRA Contract and SRA Disclosure Form were executed within the State of New York.

15. At the time of the execution of the aforesaid SRA Contract and SRA Disclosure Form, Williams was a resident of the State of New York.

16. The aforesaid SRA Disclosure Form contains the following language:

"I, Hadley Engelhard / Wes Bridges (Contract Advisor), hereby disclose to Mike Williams (Player) that I, or my agency, have paid or promised to pay, directly or indirectly, the money or any other thing of value as indicated below (excluding salaries or other compensation paid to my employees or employees of my agency) to the person(s) or entities listed below in return for recruiting or helping to recruit Player to sign a Standard Representation Agreement (SRA):

"James Duckett
110 Longhill Dr.
Somers, CT 06071
(860) 961-7288
33% of net proceeds of player contracts

* * *
"ACKNOWLEDGEMENT AND APPROVAL OF PLAYER

"I, Mike Williams (Player), hereby acknowledge receiving this SRA Disclosure Form on the date set forth above, and have had adequate time to consider this information prior to signing the SRA. Thus, I am aware of the money or other thing of value paid or to be paid to recruiter(s) as described above and approve of same.

"[signed] Mike Williams     [date] 11/15/09"

3

17. Plaintiff Duckett recruited Williams to sign an SRA with the Defendants and performed all of his obligations under the aforesaid agreement and with respect to recruiting and helping to recruit Williams to sign an SRA with Defendants.

18. The SRA Contract as well as all the surrounding circumstances demonstrate that the Defendants promised and agreed to pay the Plaintiff 33% of their Net Proceeds from their representation of Williams.

19. Williams signed an NFL Contract with the NFL Tampa Bay Buccaneers with a guaranteed payment of Forty Million Two Hundred and Fifty Thousand Dollars ($40,250,000.00).

20. To date, pursuant to his contract with the Tampa Bay Buccaneers, Williams has been paid in excess of Fifteen Million Dollars ($15,000,000.00).

21. To date, Williams has paid, or owes, Defendants 3% of his earnings as a professional football player, and endorsements related thereto, and Defendants owe Plaintiff 33% thereof, all of which has been duly demanded, and none of which has been paid.

22. On February 6, 2015, in a related litigation, the Honorable Richard J. Sullivan, United States District Judge of the Southern District of New York, issued an Opinion and Order (full text annexed as Exhibit 1), which cites and quotes the SRA Disclosure Form at page 2:

> "I, Hadley Engelhard/Wes Bridges (Contract Advisor) ... have ... promised to pay ... the money ... as indicated below [33% of net proceeds of player contracts] ... to the person(s) or entities listed below [James Duckett] in return for RECRUITING or helping to recruit Player [Mike Williams] to sign a Standard Representation Agreement". [Emphasis added.]

23. At page 6 of the same "Opinion and Order" Judge Sullivan wrote:

> "the SRA Disclosure Form unambiguously sets forth ... that the *other signatories* to the instrument – namely Engelhard and Bridges – had agreed to make payments to Plaintiff [James Duckett].... In short, the SRA Disclosure Form merely apprised [Williams] of the fact that his agents, Engelhard and Bridges, had agreed to pay

4

>Plaintiff [Duckett] one-third of what *they* received as Defendant's [Williams'] agent from Defendant's NFL player contract."

24. To date, the Defendants, in breach of contract, have paid nothing to the Plaintiff Duckett, despite due demand.

25. Based upon the aforesaid breach, the Plaintiff Duckett is entitled to 33% of the sums received or to be received by Defendants in connection with their representation of Williams, which sums now or will total in excess of $400,000.

FOR A SECOND CAUSE OF ACTION

26. All prior allegations are repeated.

27. There is no adequate remedy at law with regard to future payments to the Defendants.

28. The issues herein are ripe for determination.

29. The Plaintiff Duckett seeks a Declaratory Judgment declaring that the Plaintiff Duckett is entitled to 33% of all future payments to the Defendants with respect to their representation as agents of Williams.

WHEREFORE, Plaintiff prays for relief and judgment on each cause of action as aforestated, plus such punitive damages as the Court may find just.

Dated: New York, New York
       November 3, 2015

>Yours, etc.,
>
>_____
>THEODORE H. FRIEDMAN, TF6118
>Attorney for Plaintiff
>JAMES DUCKETT
>11 Park Place, Suite 1100
>New York, NY 10007
>(917) 639-3910