**UNITED STATES DISTRICT COURT**
**SOUTHERN  DISTRICT OF NEW YORK**
-------------------------------------------------------------------- x
JAMES DUCKETT,                                                     :
                                                                  :
                                                                  :   **Docket No.: 15 CV 8645 RJS**
                          Plaintiff,                              :
               vs.                                                :   **[Rel. 14-CV-3065]**
                                                                  :
HADLEY ENGELHARD, ESQ., ENTER SPORTS                              :
MANAGEMENT, WES BRIDGES, ESQ., BECKER                             :
LLC, and BECKER MEISEL, LLC.,                                     :
                                                                  :
                                                                  :
                          Defendants.                             :
-------------------------------------------------------------------- x


<u>**MEMORANDUM OF LAW IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS**</u>




WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
Attorneys for Defendants
HADLEY ENGELHARD, ESQ
ENTER SPORTS MANAGEMENT
150 East 42nd Street
New York, New York 10016
(212) 490-3000
File No. 15907.00001



COUNSEL:   PATRICK D. GERAGHTY
           JOHN P. KELLY

6054947v.1

## TABLE OF CONTENTS

PRELIMINARY STATEMENT…………………………………………………...........4

PROCEDURAL HISTORY/STATEMENT OF FACTS………………………………….4

STANDARD OF REVIEW UNDER RULE 12(b)(6)…….……………………….…..4-5

ARGUMENT……………………………………………………………………..4-12

    POINT I-NO ENFORCEABLE CONTRACT EXISTED…………………………..5-9

    POINT II-THE SRA IS A NOTE OR MEMORANDUM UNDER
    THE STATUTE OF
    FRAUDS……………………………………………………………………9-11

    POINT III-THE UNJUST ENRICHMENT AND DECLARATORY RELIEF
    CLAIMS MUST FAIL AS WELL………………..………………………11-13

CONCLUSION..............................................................................................13

## TABLE OF AUTHORITIES

### Statutes

N.Y. Gen. Oblig. Law 5-701(a)(1)………………………………………………….6-7
N.Y. Gen. Ob Law § 05-701(a)(10)……………………………………….....…….7-8

### Rules

Fed. R. Civ. P. 12(b)(6)…………………………………………………….………3-4

### Cases

*Adrian Family Partners I, LP v. ExxonMobil Corp, 79 Fed. Appx. 489 (2d Cir. 2003)…..…...13*

*Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009)………………………………………….4

*Beautiful Jewellers Private Ltd., v. Tiffany & Co.*, 438 Fed. Appx. 20 (2d Cir. 2011)………..6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)…………………………………….4

*Bronner v. Park Place Entm't Corporation*, 137 F. Supp 2d 306 (SDNY 2001)……………..8

*Faconti v. Potter*, 242 Fed. App'x. 775, 777 (2d Cir. 2007)…………………………….....5

*Ginsberg Marchine Co. v. J&H Label Processing Corp.*, 341 F.2d 82 (2d Cir. 1965)………...9

*Gurfein v. Ameritrade, Inc.,* 312 Fed. Appx. 410 (2d Cir. Feb. 27,
2009)……………………………………………………………………………….4

*Hawley v. Fuel Coalmart, Inc. Steaag Handel GmbH*, 796 F.2d 29 (2d Cir. 1986)…………..9

*Holloway v. King, et al., 361 F.Supp.2d 251 (SDNY March 28, 2005)*………………………7

*Holloway v. King*, 161 Fed. Appx. 122 (United States Court of Appeals, Second Circuit)..…7

*Kaplan v. Aspen Knolls Cor.*, 290 F. Supp.2d 335 (EDNY
2003)…………………………………………………………………………................5

*Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000)……………………………..…….....12

*Mandarin Trading Ltd. V. Wildenstein*, 944 N.E.2d 1104 (N.Y. 2011)…………………....6

*NFL Insurance Ltd., v. B&B Holdings, Inc*., 874 F. Supp.2d 606 (SDNY 1995) …………..6

*Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1997) …………………..5

*Rosenthal v. Kingsley*, 674 F. Supp.2d 113 (SDNY 1987).  …………………………………5

*Rosner v. Bank of China*, 349 Fed. Appx. 637, 638 (2d Cir. 2009)…………………………..4

*Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994)……………………………………….4

*Steinborn v. Daiwa Sec. Am. Inc.*, 1995 WL 761286 (SDNY 1995)………………………...10

*See Sgalirodich v. Lloyd's Assess Mgmt.*, 2012 WL 4327282 (EDNY September 2012). ….12

*Thiam v. Am Talent Agency Inc.*, 2012 WL 1034901 (SDNY 2012)…………………………12

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted in support of moving defendants' motion to dismiss this matter pursuant to FRCP 12(b)(6). As set forth below, dismissal of this matter is warranted because plaintiff's Amended Complaint fails to establish causes of action for breach of contract, unjust enrichment, or declaratory judgment against the moving defendants.

## PROCEDURAL HISTORY/STATEMENT OF FACTS

The procedural history and facts are set forth in the accompanying Declaration in Support of Patrick D. Geraghty and in the interest of brevity will not be repeated herein.

## STANDARD OF REVIEW UNDER RULE 12(b)(6)

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted if it appears that the plaintiff cannot prove facts in support of his claim that would entitle him to relief. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). When reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all of the factual allegations in the complaint as true. *Rosner v. Bank of China*, 349 Fed. Appx. 637, 638 (2d Cir. 2009); *Atsi Commc'ns, Inc. v. Shaar Fund, Inc*., 493 F.3d 87, 98 (2d Cir. 2007). However, a plaintiff can only survive a motion to dismiss if he provides the grounds upon which his claim rests through factual allegations beyond the level of speculation. Id. at 98. Pleadings that are no more than legal "conclusions" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)*; Gurfein v. Ameritrade, Inc.,* 312 Fed. Appx. 410 (2d Cir. Feb. 27, 2009). A plaintiff in any case must allege enough facts to state a claim that is plausible, as opposed to merely conceivable. *Ashcrotf v. Iqbal*, 129 S.Ct. at 1949.

4

A court may consider documents other than the complaint, including documents that are attached to the complaint, incorporated in it by reference, capable of judicial review, or of which the plaintiff had knowledge of and relied on in bringing the suit. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1997) *cert. den.*, 525 U.S. 1103, 119 S. Ct. 868, 142 L. Ed. 2d 770 (1999)); *Faconti v. Potter*, 242 Fed. App'x. 775, 777 (2d Cir. 2007) (the court may review "documents either in plaintiff[s] possession or of which plaintiff[s] had knowledge and relied on in bringing suit").

## ARGUMENT

## POINT I

## NO ENFORCEABLE CONTRACT EXISTED

Under New York law, there is no contract between plaintiff and defendants and dismissal of this matter is warranted. *Rosenthal v. Kingsley*, 674 F. Supp.2d 113 (SDNY 1987). *See also*, *NFL Insurance Ltd., v. B&B Holdings, Inc.*, 874 F. Supp.2d 606 (SDNY 1995) (It is the plaintiff's burden of establishing all essential terms of an alleged contract and must establish that there was a meeting of the minds demonstrating the parties' agreement and desire to be bound by the purported terms.)

At a minimum, a claim for breach of contract must demonstrate the following elements: (1) formation via offer, acceptance and consideration; (2) performance by a party; (3) breach of the agreement by one party; and (4) damages. *See*, *Kaplan v. Aspen Knolls Cor.*, 290 F. Supp.2d 335 (EDNY 2003). Whether a contract is written or oral, it must nonetheless be a contract. Under New York law, the parties not only must have intended to be bound by the terms of the alleged contract, but the parties must also have reached an agreement as to all material terms of the contract. *Rosenthal v. Kingsley*, 674 F. Supp.2d 113 (SDNY 1987). It is the plaintiff's burden of

establishing all essential terms of an alleged contract and must establish that there was a meeting of the minds demonstrating the parties' agreement and desire to be bound by the purported terms. *NFL Insurance Ltd., v. B&B Holdings, Inc*., 874 F. Supp.2d 606 (SDNY 1995).  Finally, the existence of a contract is a question of law to be determined by the court. *See*, *Beautiful Jewellers Private Ltd., v. Tiffany & Co.*, 438 Fed. Appx. 20 (2d Cir. 2011).

### The Disclosure Form is Not a Written Contract

Here, plaintiff clearly fails to establish the formation of a written contract with the defendants as the SRA Disclosure Form upon which he allegedly bases the contractual relationship is in no way, shape, or form a written contract. As a simple reading of the document demonstrates Mr. Duckett is not a party or a signatory to the document. Similarly, plaintiff cannot claim to be a third party beneficiary of the disclosure form since it is not a contract. *Mandarin Trading Ltd. V. Wildenstein*, 944 N.E.2d 1104 (N.Y. 2011).

### Any Alleged Oral Contracts are Barred by Statute of Frauds

Since no documents are attached to plaintiff's Amended Complaint or original Complaint, it is evident Plaintiff's entire claims are apparently premised on an alleged oral contract. Even erroneously assuming (as is required when making a Rule 12(b)(6) motion) the oral agreements described in plaintiff's Amended Complaint were entered into, these oral agreements are void under the New York Statute of Frauds.

Specifically, oral contracts which require performance for an indefinite duration are barred by the Statute of Frauds. Oral "finder's fee" arrangements are also void under the New York Statute of Frauds.

Under the New York Statue of Frauds, oral contracts are barred in certain circumstances. Specifically, "an oral contract is void where full performance is not possible within a year". *See*

6

N.Y. Gen. Oblig. Law 5-701(a)(1). As such, at the very least, the alleged oral contract of indefinite duration (i.e claimed entitlement to commissions on Mike Duckett' contracts for the duration of his NFL career and perhaps beyond) referenced in plaintiff's Amended Complaint should be dismissed.

When an oral contract calls for defendant's performance under an indefinite duration, which is not terminable within a year, the oral contract is barred by the Statute of Frauds. In *Holloway v. King, et al., 361 F.Supp.2d 251 (SDNY March 28, 2005)* the court held that an oral contract was unenforceable because the oral contracts called for performance of an indefinite duration, with no time limit to the alleged obligation. (Affirmed by the Second Circuit, *Holloway v. King*, 161 Fed. Appx. 122 (2d Cir. 2005).

In *Holloway*, the plaintiffs, former managers of professional boxer Mike Tyson, alleged that defendant, boxing promoter Don King, breached an oral agreement to give plaintiffs 10 percent of Kings' earnings from boxer Mike Tyson's fights. Id. The court held that since the plaintiffs alleged in their complaint that they were entitled to all earnings, the oral contract could not be performed within one year from the making thereof and therefore was void. Id. Similarly, in the case at bar, there is no time limit to defendants' alleged obligation listed in plaintiff's Amended Complaint as plaintiff is claiming he is entitled to all "eventual fees". *See* paragraph 14 of **Exhibit C**.

In the case at bar, the plaintiff is alleging entitlement to proceeds as a result of NFL player Mike Williams signing contracts with the Tampa Bay Buccaneers on June 4, 2010 and July 24, 2013. Based on plaintiff's assertion in paragraph 15 of the Amended Complaint that the alleged oral contract was formed on November 15, 2009 any claim to contract proceeds beyond

November 15, 2010 demonstrates that the alleged contract could not be performed within a year. Accordingly, it violates N.Y. Gen. Ob. Law § 05-701(a)(1).

Plaintiff also alleges entitlement to 33% of all "eventual fees" received by defendants, including all "player contracts and endorsement contracts" and he contends that the alleged agreement was applicable to all succeeding player contracts. *See* paragraph 14 and 17 of **Exhibit C**. Accordingly, plaintiff confirms that the purported oral contract was of an indefinite duration, which is exactly the type of oral contract that is held to be unenforceable by New York Courts. As the Court is likely well aware and can take judicial notice of, professional athletes such as Mr. Williams are often lifetime celebrities and participate in many types of outside work beyond their role as professional athletes. Accordingly, "endorsement deals" could encompass countless types of media work, corporate sponsorships, acting roles, etc., many of which can be performed years after Mr. Williams is finished with his professional football career.

Similarly, under N.Y. Gen. Ob. Law § 05-701(a)(10) oral finder's fee arrangements are void. *See Bronner v. Park Place Entm't Corporation*, 137 F. Supp 2d 306 (SDNY 2001).[1] In *Bronner*, plaintiff alleged he was owed a commission for introducing a casino developer to the Mohwak Indian Nation to consummate a potential land deal. Id. Although there was no written contract, the plaintiff alleged he was owed a finder's fee for connecting the two parties to the agreement. The court granted the defendant's Rule 12(b)(6) motion and found that oral finder's

---

[1] N.Y. Gen. Ob. Law §05-701(a)(10) reads as follows: "Is a contract to pay compensation for services rendered in negotiating a loan, or in negotiating the purchase, sale, exchange, renting or leasing of any real estate or interest therein, or of a business opportunity, business, its good will, inventory, fixtures or an interest therein, including a majority of the voting stock interest in a corporation and including the creating of a partnership interest.  "Negotiating" includes procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction.  This provision shall apply to a contract implied in fact or in law to pay reasonable compensation but shall not apply to a contract to pay compensation to an auctioneer, an attorney at law, or a duly licensed real estate broker or real estate salesman."

fee agreements are void under N.Y. Gen. Ob. Law § 05-701(a)(10).

In the case at bar, Mr. Duckett is making a similar representation in his Amended Complaint. Specifically, plaintiff is claiming that he "organized and hosted discussions between football player Mike Duckett and multiple NFL Players Association Contract Advisors" seeking to recruit Duckett for representation. *See* paragraph 11 of **Exhibit C**.  Accordingly, plaintiff's alleged recruitment activities clearly fall within the ambit of N.Y Gen. Ob Law. § 05-701(a)(10) and are void.

<u>**POINT II**</u>

<u>**THE SRA DOES NOT CONSTITUTE A NOTE OR MEMORANDUM UNDER NEW YORK STATUTE OF FRAUDS**</u>

Plaintiff's counsel has not pled that any exception to the Statute of Frauds existed. Nevertheless, assuming this pleading was made, the SRA Disclosure Form cannot be considered a "note or memorandum" that would eliminate the need to apply the Statute of Frauds. The law is well established that a "note or memorandum" on its face and without addition of parol evidence <u>must</u> contain the essential terms of an agreement. A term is essential if it affects the rights and obligations of the parties. *See Ginsberg Marchine Co. v. J&H Label Processing Corp*., 341 F.2d 82 (2d Cir. 1965). The Second Circuit has also held that "all material terms of the agreement" be contained either "expressly or by reasonable implication" in the writing. *See Hawley v. Fuel Coalmart, Inc. Steaag Handel GmbH*, 796 F.2d 29 (2d Cir. 1986).

Here, the only purported writing reflecting any agreement between movants and plaintiff is referenced in paragraph 19 of the Amended Complaint. By reading this one paragraph statement by Hadley Engelhard, there is no indication if Mr. Duckett was previously paid or will

be paid in the future. Similarly, there is no indication of what constitutes "player contracts"[2] or "net proceeds". There is also no indication how Mr. Duckett was to be paid, when he was to be paid, the duration of the contract, the remedies for breach, and if services were actually performed or were to be performed in the future (and if so, for low long). Furthermore, the SRA Disclosure Form is silent on any alleged player endorsement deals that plaintiff claims he is entitled to receive, plaintiff's claimed entitlement to commissions on such endorsements at paragraph 24 of the Amended Complaint notwithstanding.

As such, there is clearly no "note or memorandum" with respect to these alleged endorsement deals. Even the most liberal reading of the SRA Disclosure form would not give the reader any insight into "the essential terms" of all future "endorsement contracts" Mike Williams may enter into during his lifetime.

Notably, Enter Sports Management is not even referenced in the disclosure.[3] Accordingly, at the very least, there is no "note or memorandum" as to any obligations of Enter Sports Management. In fact, plaintiff's Amended Complaint only states that defendants Engelhard and Bridges recited that they agreed to pay Plaintiff "33% of net proceeds of player contracts". *See* paragraph 17 of **Exhibit C**.

The written memorandum requirement listed in N.Y. Gen. Oblig. Law § 5-701(a) requires that terms not be ambiguous. In fact, the courts look to whether one reading of the document would outline all the material terms and conditions of the agreement. *See Steinborn v.*

---

[2] Indeed, professional athletes have many sources of income beyond the salaries they receive for playing their sport. The lack of specifics as to the scope of the "contracts" the SRA Disclosure Form speaks to shows that essential terms of the alleged oral contract are missing. This is particularly the case where as here, plaintiff is seeking commissions from not only Mr. Williams' NFL player wages but also from any "endorsement" income related to his NFL career.

[3] In fact, Enter Sports Management is not even a signatory to the Standard Representation Agreement.

*Daiwa Sec. Am. Inc.*, 1995 WL 761286 (SDNY 1995). In the case at bar, one reading of the documents leaves the reader with more questions than answers about the relationship and obligations, if any,  between Mr. Duckett and the movants. While courts have held that multiple writings and or informal documents such as emails could satisfy the written memorandum requirement, there is no allegation in the Amended Complaint that any such additional documents or writings exist.

Although in paragraph 17 of the Amended Complaint, plaintiff alleges that it "was the practice and implied understanding between the parties" that the plaintiff should receive "33% of net proceeds of player contracts", plaintiff does not reference any prior interactions between plaintiffs and defendants taking place before November of 2009, which is when the SRA was signed. *See* Exhibit C. As such, it is unclear what "practice and implied understanding" the Amended Complaint is referring to. In fact, the "expense advance" agreement plaintiff is referring to in paragraph 20 of the Amended Complaint was a written document signed by James Duckett and Hadley Engelard on November 15, 2009 as opposed to an allegedly implied understanding as is the root of this action. Thus, if anything, the "practice and implied understanding between the parties" was to memorialize their agreements in documents signed by both sides, not in oral contracts.

## POINT III

## THE UNJUST ENRICHMENT AND DECLARATORY RELIEF CLAIMS MUST FAIL AS WELL

Since the unjust enrichment claim is solely premised on Plaintiff's entitlement to payment from Defendant pursuant to alleged oral contracts, this claim must be dismissed. The

Second Circuit holds that plaintiffs may not pursue unjust enrichment claims "if such claims are based on an oral agreement that is barred by the Statute of Frauds." *Thiam v. Am Talent Agency Inc.*, 2012 WL 1034901 (SDNY 2012).

In *Thiam v. Am. Talent*, defendant brought a counterclaim alleging a contract was created allowing ATA to receive a commission fee even after the parties terminated the contract. Id. The court dismissed the claim stating "ATA's unjust enrichment claims fail because they depend on proof of an oral agreement that is barred by the Statute of Frauds." Id. (Plaintiff's claim of unjust enrichment depended upon proof of the parties' oral agreement. Because that agreement is barred by the Statute of Frauds, plaintiffs' additional claims must also be barred.)

Under New York law, a claim for unjust enrichment requires 1) that the defendant benefitted 2) at the plaintiff's expense and 3) that equity and good conscience require restitution. *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000). The doctrine of unjust enrichment rests upon an equitable principle that a person should not be allowed to enrich himself at the expense of another. Furthermore, since the unjust enrichment claim relies on the same documents and alleged oral contracts as the breach of contract claim, it should be subsumed in dismissal of the other actions.

Alternatively, to the extent plaintiff is alleging fraud, plaintiff must also meet the strict pleading requirements of Rule 9(b), which was not satisfied in the case at bar. *See Sgalirodich v. Lloyd's Assess Mgmt.*, 2012 WL 4327282 (EDNY September 2012). Specifically, plaintiff's Amended Complaint does not state with particularity the circumstances constituting fraud.

*Declaratory Relief*

The declaratory relief claims should also be dismissed. In fact, these claims were dismissed in the prior suit against the defendant Mike Williams. *See* page 7 of **Exhibit D**. While

the movants were not defendants in that action, the same logic used in that decision can be employed in the case at bar.

In the matter at bar, the declaratory judgment claim is also premised on plaintiff's entitlement to remuneration from defendants pursuant to contents of the SRA disclosure form and alleged oral contracts. As there was no enforceable contract or "note or memorandum" the claims for declaratory relief must therefore be dismissed. *See Adrian Family Partners I, LP v. ExxonMobil Corp.*, 79 Fed. Appx. 489 (Second Circuit 2003). Moreover, plaintiff is seeking a declaration of an alleged obligation that purportedly goes well into the future, which is wholly contradictory under the Statute of Frauds as outlined above.

## CONCLUSION

Under these circumstances, it is respectfully submitted that plaintiff's Amended Complaint must be dismissed in its entirety.

Dated: June 21, 2016
      White Plains, New York

Yours, etc.

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP


By: /s/ Patrick Geraghty
      Patrick D. Geraghty
      (PDG6217)
      **Attorneys for Defendants**
      **HADLEY ENGELHARD,**
      **ESQ., ENTER SPORTS**
      **MANAGEMENT**
      1133 Westchester Avenue
      White Plains, NY 10604
      (212) 490-3000
      File No.: 15907.00001

THEODORE H. FREIDMAN, ESQ
Attorney for Plaintiff
JAMES DUCKETT
11 Park Place, Suite 11
New York, NY 10007

DAVID J. SPRONG, ESQ
Attorney for Defendants
WES BRIDGES, ESQ and Becker LLC
354 Eisenhower Parkway, Suite 1500
Livingston, New Jersey 07039

6054947v.1